Filed 2/1/22  P. v. Sambrano CA4/2
See Dissenting Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077881 |
| v. | (Super.Ct.No. INF051722) |
| JESSIE SAMBRANO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Law Offices of Aaron J. Schechter, Aaron J. Schechter for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Jessie Espinoza Sambrano appeals the Riverside County Superior Court's summary denial of his petition made pursuant to section 1170.95 of the Penal Code seeking resentencing on his conviction for first degree murder.[1] We affirm.

BACKGROUND

1. *The circumstances leading to defendant's conviction*

The background leading up to defendant's petition for resentencing is taken from (i) our opinion issued in the appeal from the judgment taken by defendant and codefendant Anthony Castro Lares (*People v. Sambrano* (Nov. 15, 2013, E054725) [nonpub. opn.]); and, (ii) the portions of the record in that appeal (including jury instructions, closing arguments, and signed jury verdict forms) we have judicially noticed in response to the People's unopposed request.

Defendant and Lares were members of the Varrio Coachella Rifa 52 gang (VCR). In August 2005, defendant, Lares, and a third VCR member, Daniel Torres, drove into the territory of a rival gang. Defendant was driving the car, which was owned by Lares, who was in the back seat. Torres was the sitting in the front passenger seat. Defendant drove the car at least twice by a group of people gathered in front of a house before Lares and Torres opened fire on them. Lares fired at least 10 shots from a .30 caliber M1 carbine rifle and Torres filed an unknown number of shots from a .22 caliber handgun that held five rounds. Vanessa Torres, age 19, was hit by three bullets and died from her injuries. The fatal wound was inflicted by a bullet of the type used in Lares's rifle. Her

---

[1] All further statutory references are to the Penal Code.

boyfriend Jacob was hit twice (once in the arm and once in his torso) and was seriously injured, but the bullets causing the injury were not recovered. A third person, Jesus Morin, suffered a serious injury to one of his legs caused by a bullet of the same caliber as Torres's handgun.

Defendant and Lares were tried together; Torres successfully moved for a separate trial. Relevant here is defendant was charged with, and a jury found him guilty of, first degree murder with a special circumstance that the murder was committed by means of a drive-by shooting with the intent to inflict death (§§ 187, subd. (a), 190.2, subd. (a)(21)).[2] The jury rejected the death penalty and found life without possibility of parole to be the appropriate sentence.

The court sentenced defendant to life in prison without possibility of parole, plus three consecutive terms of 25 years to life, plus six consecutive terms of 15 years to life, plus 80 years. Defendant appealed the judgment. We stayed the section 186.22 gang enhancements imposed with respect to the attempted murder counts because the trial court also imposed section 12022.53 gun use enhancements as to those counts, a sentencing option not permitted where, as here, the defendant did not personally use or

---

[2] In addition to finding defendant guilty of first degree murder with the special circumstance of murder by means of drive-by shooting, the jury found him guilty of six counts of attempted murder (§§ 187, 664), one count of discharging a firearm at a dwelling house (§ 246), and two counts of assault with a firearm (§ 245, subd. (a)(2)). The jury also found true with respect to all counts firearm use and criminal street gang allegations, as well as great bodily injury enhancements as to two of the attempted murder and the two counts of assault with a firearm (§§ 186.22, subd. (b), 12022.7, 12022.53, 12022.55).

3

discharge a firearm in the commission of the offense. The judgment was affirmed in all other respects.

*2. Defendant's petition for resentencing*

In 2018, the Legislature eliminated natural and probable consequences liability for murder and narrowed the scope of the felony-murder rule by passage of Senate Bill No. 1437, effective January 1, 2019. (Stats. 2018, ch. 1015.) The bill substantively amended sections 188 and 189 to ensure liability for murder would be limited to persons who (i) are the actual killer, (ii) are not the actual killer but, with the intent to kill, the person aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, or (iii) are a major participant in the underlying felony and acted with reckless indifference to human life as described in section 190.2, subdivision (d). (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)

On January 2, 2020, defendant filed a form petition pursuant to section 1170.95 seeking resentencing under the new laws. He averred he had been charged in a manner that allowed the People to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that he was convicted of first or second degree murder under one of those theories, and he could not now be convicted of first or second degree murder because of the amendments to section 188 and 189 that became effective on January 1, 2019.

4

Upon receipt of the petition, the trial court set the matter for a status conference and counsel was appointed for defendant. The People did not file a written response to the petition. Defendant was not present but was represented by counsel at the August 27, 2021 status conference. Counsel for the People represented he had reviewed the file and the record, and found no instructions on natural and probable consequences or felony murder. Defendant's counsel submitted, and the court summarily dismissed the petition. Defendant filed a notice of this appeal on October 13, 2021.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth statements of the case and facts. Counsel suggests four potentially arguable issues: (i) whether defendant is eligible for relief under section 1170.95; (ii) whether the trial court erred when it denied defendant's petition; (iii) whether the trial court erred in failing to comply with the procedures set forth in subdivision (c) of section 1170.95 and, if so, whether the error was harmless; (iv) whether the assistance of defendant's counsel was ineffective with respect to his representation of defendant in connection with the resentencing petition.

Counsel states this court is required to undertake a review of the entire record. When, in an indigent defendant's first appeal of right, appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court must offer the defendant an opportunity to submit a personal supplemental

5

brief and to review the entire record whether or not the defendant files a brief. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

We acknowledge *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, review pending October 14, 2020, S264278, held the constitutional bases for *Wende* procedures apply only to a defendant's direct appeal from the judgment. We also recognize that we have discretion to exercise our inherent supervisory powers to apply *Wende* procedures to appeals from denials of postconviction relief in which appointed appellate counsel files a no-issues brief. Accordingly, appellate courts have traditionally afforded defendants an opportunity to personally file a supplemental brief when appointed counsel has submitted a no-issues brief in a postjudgment appeal. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131 (*Scott*), review pending Mar. 17, 2021, S266853.)

Appellate courts are divided, however, with respect to whether we should exercise our discretion to conduct an independent review of the record if a defendant does not respond to an invitation to file a supplemental brief. (E.g., *Cole*, *supra*, 52 Cal.App.5th at pp. 1038-1039 [Second Dist., Div. Two, no independent review of record when no supplemental brief filed, dismissed the appeal as abandoned]; *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273-274 [Fourth Dist., Div. Three, conducted independent review of record even though defendant did not file a supplemental brief].)

Recent opinions issued by this court reflect the division in approach to the situation in which defendant does not file a supplemental brief. In *Scott*, one panel concluded there is no reason to conduct an independent review of the record or to issue

6

an opinion in such a case and dismissed the appeal as abandoned. (*Scott*, *supra*, 58 Cal.App.5th at pp. 1131-1132 (but see dis. opn. of Miller, J.); accord *People v. Figueras* (2021) 61 Cal.App.5th 108.)

In *People v. Gallo* (2020) 57 Cal.App.5th 594 (*Gallo*), another panel of this court concluded the interests of justice call for independent review of the record in postjudgment no-issue appeals even if the defendant has not filed a supplemental brief. (*Id.* at p. 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, reviewing court is not required to independently review the entire record, but the court can and should do so in the interests of justice]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [court of appeal has the discretion to review the record in the interests of justice].)

We respectfully disagree with *Scott* and find the procedure in *Gallo* provides indigent defendants an additional layer of due process while consuming comparatively little in judicial resources.

Here, we offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, and in keeping with *Gallo*, *supra*, 57 Cal.App.5th 594, we have independently reviewed the record for potential error and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

I concur:

CODRINGTON
J.

[*People v. Sambrano*, E077881]

RAPHAEL, J., Dissenting.

No issues are raised in this appeal from the denial of a posttrial motion. We need not issue an opinion. As our Supreme Court has noted: "Nothing is served by requiring a written opinion when the court does not actually decide any contested issues." (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544.)

Illustrating this well, the majority opinion discusses no fact or law related to this case and instead merely asserts its need to exist. (Maj. opn., *ante*, at pp. 5-7.) A single opinion saying nothing seems just a minor waste. It's no small use of judicial resources, though, if we issue hundreds of unnecessary content-free opinions. (See *People v. Scott* (2020) 58 Cal.App.5th 1127, 1134 [finding 117 no issue postjudgment opinions in our eight-justice division in one year].)

Moreover, the majority finds it essential to independently review the entire record. (Maj. opn., *ante*, at pp. 5-7.) We have thus taken judicial notice of the trial record. There is, however, typically a simple reason why counsel cannot raise an issue in a postjudgment appeal. Here, our opinion on direct appeal, and the jury instructions, show that the defendant was not convicted on a felony murder or natural and probable consequences theory. Penal Code section 1170.95 is not applicable. I cannot fathom what one would be looking for in paging through the record.

I would dismiss the appeal as abandoned in a brief order.

RAPHAEL       
J.

1